UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 11-01709-TLM** |
| JOHN RYAN VAN SCHOIACK and ) | |
| GAIL MARIE ANN VAN SCHOIACK ) | |
| ) | **Chapter 7** |
| **Debtors.** ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON MOTION TO
AVOID JUDGMENT LIEN**
_____

On December 23, 2011, the above chapter 7 debtors, John and Gail Van Schoiack ("Debtors"), through their attorney Laura Burri ("Counsel"), filed a motion under § 522(f)(1)(A) to avoid the entirety of a $200,000.00 judgment lien of creditor Jack Crane ("Crane") on their residence, claiming such lien impairs their homestead exemption. Doc. No. 52 ("Motion"). Neither Crane, nor any other party, filed a response to the Motion.[1] Despite that lack of opposition, the

---

[1] On December 7, 2011, the chapter 7 trustee, Richard Crawforth, filed an adversary proceeding against Crane, Adv. No. 11-06065-TLM, alleging that the March 16, 2011, recording of the judgment that created the judicial lien was a preferential transfer avoidable under § 547(b). Pursuant to a December 23, 2011, stipulation, Adv. Doc. No. 7, a judgment was entered on December 29, 2011, in favor of the Trustee, avoiding the lien as a preference, Adv. Doc. No. 8. While neither the stipulation nor the judgment specifically so recites, the underlying complaint on which the judgment was entered made clear that the Trustee requested the lien be preserved for the benefit of the bankruptcy estate. *See* Adv. Doc. No. 1 at 3. Section 551 of the Code (entitled "Automatic preservation of avoided transaction") provides for such preservation. Thus, at the

(continued...)

MEMORANDUM OF DECISION - 1

Court must ensure that relief is proper before executing and entering the proposed order tendered by Counsel. While the Court concludes an order may be entered, it can grant the subject motion only in part.

Section 522(f)(1)(A) allows a judicial lien on property to be avoided, but only to the extent that such lien "impairs an exemption." Section 522(f)(2)(A) provides a statutory formula to determine if and to what extent a judicial lien impairs the exemption. Under that provision, the Court must add the amount of the targeted creditor's judicial lien, as well as the amounts of any other liens on the property, and the amount of the exemption a debtor could claim if there were no liens at all, and then determine if that sum exceeds the debtor's interest in the property in the absence of any lien. *Id., see also In re Marcovitz*, 2011 WL 5041507, at *4-7 (Bankr. D. Idaho Oct. 24, 2011) (applying the statutory formula). The amount of the combined liens and exemption in excess of the debtor's interest in the property without liens constitutes the amount of impairment.

Here, the Motion asserts there are no consensual liens against the property (and, implicitly, no other nonconsensual liens beyond Crane's $200,000 judicial

---

[1](...continued)
time of the filing and service of the instant Motion on December 23, Crane was simultaneously agreeing that his lien was a preference and could be avoided, and the Trustee was stepping into Crane's shoes as to such lien in order to assert it for the benefit of the estate and its creditors. And thus, as of December 23 – or at least by December 29 when judgment was entered – the Trustee was the proper party in interest in connection with the Motion. The Court notes that both the Trustee and his counsel were electronically served with the Motion on December 23. *See* Doc. No. 52 at 3. Neither has responded in any fashion.

MEMORANDUM OF DECISION - 2

lien). It further asserts and claims the full $100,000.00 homestead exemption allowable under Idaho Code § 55-1003.[2] That exemption has been allowed.[3] Finally, the Motion alleges the property's fair market value at the time Debtors filed their bankruptcy petition was $118,700.00.

The sum of the judicial lien ($200,000), any other liens ($0.00), and the total amount of the homestead exemption Debtors can claim ($100,000) is $300,000.00. Debtors' interest in the property in the absence of any liens is $118,700.00. Therefore, using the § 522(f)(2)(A) formula, $181,300.00 of Crane's $200,000 judicial lien impairs Debtors' exemption. (That is to say, $300,000 less $118,700 equals $181,300.) That amount of the lien – $181,300 – may properly be avoided as impairing the exemption. However, $18,700.00 of the

---

[2] *See also* Doc. No. 1 at 15 (sched. C).

[3] Under Fed. R. Bankr. P. 4003(b)(1), objections to exemptions must be filed within 30 days after the conclusion of the § 341(a) meeting, which was here set and held on July 14, 2011. Absent timely objection, an asserted exemption is allowed regardless of its merit. *Gugino v. Ganier (In re Ganier)*, 403 B.R. 79, 83 n.8, 09.1 I.B.C.R. 17, 18 n.8 (Bankr. D. Idaho 2009) (citing *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992)). The Trustee here timely objected to certain exemptions, but not to the homestead exemption. Doc. No. 23. (These other objections were ultimately settled by agreement.) On October 5, 2011, Crane filed, *pro se*, an objection to Debtors' exemptions and to Debtors' discharge. Doc. No. 35. In addition to being in improper form for an objection to discharge, *see* Fed. R. Bankr. P. 7001(4), this filing was too late to meet the above-described deadline for an objection to exemption under Fed. R. Bankr. P. 4003(b)(1), or the deadline for objections to discharge, which is 60 days after the first date scheduled for the § 341(a) meeting, *see* Fed. R. Bankr. P. 4004(a). (Crane's October filing alleges that a July 25, 2011, submission was made, however no such filing appears of record, and the burden is on the objecting party to ensure that documents are properly and timely filed. Thus, on October 18, 2011, Debtors' discharge was entered.) Finally, though there is authority supporting the ability to assert an otherwise out-of-time objection to an exemption in defense of a § 522(f)(1) motion, *see e.g., In re Conley*, 99.1 I.B.C.R. 7 (Bankr. D. Idaho 1999), neither Crane nor the Trustee has asserted such an objection here.

MEMORANDUM OF DECISION - 3

targeted lien does not impair the exemption and thus will remain as a valid lien against the property.[4]

Debtors' Counsel may submit a revised form of order consistent herewith.

DATED:  January 20, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[4] The formula is statutory and assists the calculation of impairment in this case. However, the Court notes that the facts in this case are not so complicated that the use of the formula is required. Debtors' home was worth $118,700.00 with no consensual liens against it. Debtors' homestead exemption was $100,000.00. Debtors had $18,700.00 in equity above their exemption in their home on the date of filing. A judicial lien attaching to that equity does not impair the exemption.

MEMORANDUM OF DECISION - 4